# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KENNETH ANTHONY CULBRETH IDEL**                    **CIVIL ACTION**

**VERSUS**                                                           **NO. 11-1078-DEK**

**NEW ORLEANS POLICE DEPARTMENT, ET AL.**

## ORDER AND REASONS

Plaintiff, Kenneth Anthony Culbreth Idel, filed this *pro se* and *in forma pauperis* complaint against the New Orleans Police Department, Officer Jerry Devorak, Officer Kevin Wheeler, and Sergeant Bradley Rhodes.  Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Specifically, plaintiff claims that he was falsely arrested and that excessive force was used to effect his arrest.

The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(c) or, alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56.[1]  Plaintiff opposed that motion.[2]  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[3]

## I.  Applicable Legal Standards

The Federal Rules of Civil Procedure provide:  "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed.R.Civ.P. 12(c).  "A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)."  *In re* Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209-10 (5th Cir. 2010).  In ruling on a Rule 12(c) motion, the Court looks to the allegations of the complaint, and, "[t]o avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. ...  In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff."  Id. at 210 (quotation marks omitted).

On the other hand, unlike Rule 12(c) motions, motions for summary judgment under Rule 56 are not limited to the allegations of the complaint and serve a different purpose.  The principal purpose of a Rule 56 motion is to isolate and dispose of "factually unsupported claims."  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the

---

[1]     Rec. Doc. 25.

[2]     Rec. Doc. 33.

[3]     Rec. Doc. 18.

mover is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  There is no "genuine issue"

when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.

Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

 "Procedurally, the party moving for summary judgment bears the initial burden of informing

the district court of the basis for its motion, and identifying those portions of the record which it

believes demonstrate the absence of a genuine issue of material fact."  Taita Chemical Co., Ltd. v.

Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).

The party opposing summary judgment must then "go beyond the pleadings and by [his] own

affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324 (quoting

Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir.

2001).  The Court has no duty to search the record for evidence to support a party's opposition to

summary judgment; rather,  "[t]he party opposing summary judgment is required to identify specific

evidence in the record and to articulate the precise manner in which the evidence supports his or her

claim."  Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).  Conclusory

statements, speculation, and unsubstantiated assertions are not competent summary judgment

evidence and will not suffice to defeat a properly supported motion for summary judgment.  Id.;

Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

### III.  Improper Defendant

 The defendants first argue that the New Orleans Police Department is not a proper defendant.

They are correct.  The New Orleans Police Department simply is not a legal entity capable of being

3

sued.  Everson v. N.O.P.D. Officers (Names Unknown), Civ. Action No. 07-7027, 2009 WL 122759, at *2 (E.D. La. Jan. 15, 2009); Atkinson v. NOPD, Civ. Action No. 06-5820, 2007 WL 2137793, at *1 (E.D. La. July 23, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Manley v. State of Louisiana, Civ. Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001).  Accordingly, the claim against the New Orleans Police Department must be dismissed with prejudice pursuant to Rule 12(c).

## IV.  *Heck* Bar

As to plaintiff's claims against the remaining defendants, the evidence shows that plaintiff pleaded guilty to two charges arising out of his challenged arrest:  possession of heroin in violation of La.Rev.Stat.Ann. § 40:966(c)(3) and resisting a police officer with force or violence in violation of La.Rev.Stat.Ann. § 14:108.2.[4]  Plaintiff concedes that he did in fact plead guilty and stands convicted of those charges.[5]  It is therefore argued that plaintiff's claims against the remaining defendants must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court explained that a prisoner may not bring a federal civil rights claim if a finding in his favor on that claim would necessarily imply the invalidity of an outstanding criminal conviction or sentence.  The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

---

[4]   Rec. Doc. 25-4.

[5]   Rec. Doc. 33.

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted). For the following reasons, the Court finds that all of plaintiff's claims are indeed barred by Heck and therefore must be dismissed with prejudice to their being asserted again until the Heck conditions are met.[6]

### A. False Arrest and Related Claims

Plaintiff's first claim is that he was falsely arrested. The constitutionality of an arrest hinges whether the officers had probable cause for the arrest. Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 204 (5th Cir. 2009); Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998). The facts of the arrest in the instant case are fairly simple. The officers observed plaintiff walking near what appeared to be an abandoned property. As they approached, they observed him drop a small clear bag containing a white powder which they believed to be narcotics. They then handcuffed plaintiff; however, he thereafter attempted to flee. During the resulting altercation, plaintiff attempted to kick Officer Devorak. The officers' observations were the purported probable cause for plaintiff's arrest.

Plaintiff now attempts to challenge the validity of that arrest. However, by pleading guilty, plaintiff acknowledged that he was in fact in possession of heroin and did in fact attempt to kick

---

[6]   See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

Officer Devorak during the arrest.  Any allegations to the contrary at this point are in direct conflict with the factual basis of his guilty pleas, and a finding in plaintiff's favor by this Court would necessarily imply the invalidity of his resulting convictions.  Therefore, <u>Heck</u> bars his false arrest claims until such time as his state criminal judgment has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.  <u>See</u> <u>Queen v. Purser</u>, 109 Fed. App'x 659, 660 (5th Cir. 2004); <u>Birgans v. Louisiana</u>, Civ. Action No. 09-0926, 2010 WL 2428026, at *2-4 (W.D. La. Apr. 26, 2010), <u>adopted</u>, 2010 WL 2485958 (W.D. La. June 10, 2010), <u>appeal dismissed</u>, 411 Fed. App'x 717 (5th Cir. 2011); <u>Gonzales v. Brazley</u>, Civ. Action No. 09-137, 2009 WL 2411800, at *5 (E.D. La. Aug. 4, 2009); <u>Landor v. Hogue</u>, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).  Accordingly, the defendants are granted summary judgment with respect to plaintiff's false arrest claims.[7]

Out of an abundance of caution, the Court notes that it appears from the complaint that plaintiff is also claiming that he was the victim of an illegal search and seizure and that the defendants fabricated evidence against him.  Because the complaint is not a model of artful pleading, it appears that the defendants overlooked those claims.  However, in any event, those claims would also be barred by <u>Heck</u>.  When, as here, a plaintiff's allegations of illegal search and seizure, if accurate, would necessarily imply the invalidity of a conviction which resulted at least in part from that same search and seizure, the claim is barred by <u>Heck</u>.  <u>See</u> <u>Cougle v. County of DeSoto</u>,

---

[7]     Because the Court has reviewed the conviction records and evidence attached to defendants' motion for resolution of this claim, it has been considered under Rule 56.

Mississippi, 303 Fed. App'x 164, 165 (5th Cir. 2008); Johnson v. Bradford, 72 Fed. App'x 98, 99

(5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002).  The

same would obviously be true of plaintiff's claim that his plea and conviction were based on

fabricated evidence.  See Keys v. Lorraine, No. 96-60181, 1996 WL 595622 (5th Cir. Sept. 18,

1996); Dick v. City of Chicago, No. 95-1088, 1996 WL 449203, at *2 (7th Cir. June 27, 1996);

Lockhart v. Giamalvo, No. C 10-5220, 2010 WL 4919235 (N.D. Cal. Nov. 29, 2010); Robinson v.

Schneider, No. 10-CV-11246, 2010 WL 2670777, at *4 (E.D. Mich. June 30, 2010).  Therefore, if

plaintiff is indeed asserting such claims, the Court, pursuant to its authority to act *sua sponte* under

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b),[8] hereby dismisses those claims as well.

B.  Excessive Force

Lastly, plaintiff claims that Officer Devorak used excessive force to effect the arrest.  As the

defendants correctly argue, that claim is likewise barred by Heck in light of the fact that plaintiff

pleaded guilty to resisting a police officer with force or violence.

Under Louisiana law, the offense of resisting a police officer with force or violence is

defined as follows:

---

[8]  With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law
provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court
shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous
...."  28 U.S.C. § 1915(e)(2)(B)(i).  Moreover, federal law further mandates that federal courts
"review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a
complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer
or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal
law requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any
portion of the complaint, if the complaint ... is frivolous ...."  28 U.S.C. § 1915A(b).  Claims barred
by Heck are legally frivolous.  Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

A.  Resisting a police officer with force or violence is any of the following when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, seizing property, serving process, or is otherwise acting in the performance of his official duty:

(1) Using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is under arrest or detention.
(2) Using threatening force or violence toward or any resistance or opposition using force or violence to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(3) Injuring or attempting to injure a police officer engaged in the performance of his duties as a police officer.
(4) Using or threatening force or violence toward a police officer performing any official duty.

La.Rev.Stat.Ann. § 14:108.2(A).

In determining whether plaintiff's conviction under that statute bars his excessive force claim, the Court must "focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." Bush v. Strain, 513 F.3d 492, 497 (5th Cir. 2008).

In the instant case, plaintiff attempted to flee on foot after being restrained.  Officer Devorak pursued plaintiff and used a TASER to apprehend him.  Plaintiff then attempted to kick Devorak and, as a result, the TASER was used a second time.  It was that act of violence on plaintiff's part which led to the charge of resisting a police officer with force or violence.

In this lawsuit, plaintiff claims that the use of the TASER was excessive because he was *not* resisting arrest during this altercation.  For example, he expressly alleges in the complaint: "I was not attacking or harming the police officers, I also was on the ground handcuffed with no way

8

possible to kick an officer under my condition and physical state."[9]  Similarly, in his opposition to the defendants' motion, plaintiff states: "The Defendant Officer Devorak swears that the Plaintiff was attempting to kick him, Plaintiff denies officer Devorak's claim because he was in to [sic] much pain to kick."[10]

Because plaintiff's excessive force claim is founded on an allegation that he did not attempt to kick Devorak and was instead simply attacked without provocation, that claim squarely challenges and is inherently inconsistent with the factual basis of plaintiff's guilty plea to the charge of resisting Devorak with force or violence.  Therefore, a finding by this Court in plaintiff's favor on the claim would necessarily imply the invalidity of the conviction resulting from that plea, and the Heck bar applies.  See, e.g., Walker v. Munsell, 281 Fed. App'x 388, 390 (5th Cir. 2008); DeLeon v. City of Corpus Christi, 488 F.3d 649, 656-57 (5th Cir. 2007); Arnold v. Town of Slaughter, 100 Fed. App'x 321, 324-25 (5th Cir. 2004).  As a result, the motion for summary judgment must be granted with respect to this claim.[11]

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that defendants' motion to dismiss or, alternatively, for summary judgment, Rec. Doc. 25, is **GRANTED**.

---

[9]   Rec. Doc. 6, p. 4.

[10]   Rec. Doc. 33, p. 2.

[11]   Again, because the Court has reviewed the conviction records and evidence attached to defendants' motion for resolution of this claim, it likewise has been considered under Rule 56.

**IT IS FURTHER ORDERED** that plaintiff's claims against the New Orleans Police Department are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against the remaining defendants are dismissed with prejudice to their being asserted again until the <u>Heck</u> conditions are met.

New Orleans, Louisiana, this thirteenth day of March, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**